[No. 2068. Decided May 26, 1896.]

FRANK GLICK *et al., Appellants,* v. J. M. WEATHERWAX
*et al., Respondents.*

EVIDENCE — ADMISSIBILITY OF PAROL — IMMATERIALITY.

A question asking a party as to what arrangement he had in relation to getting his pay for certain property is properly excluded where a written contract has already been put in evidence covering the subject.

The exclusion of evidence tending to establish a fact essential to the plaintiffs' recovery is not prejudicial error, where the fact is not disputed.

Appeal from Superior Court, Chehalis County.—
Hon. MASON IRWIN, Judge. Affirmed.

*T. D. Scofield,* for appellants.

*Bush & Coons,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The complaint in this case alleged several causes of action, some of which have been abandoned. The main cause is based upon the following facts: The plaintiffs were the owners of a tract of land, and the defendant Weatherwax was the owner of certain of the timber standing thereon. The other defendants were engaged in cutting this timber and transporting it to a sawmill. A small stream of water, know as Bitter Creek, flowed through said premises and was made use of by the defendants to float said timber on its way to the point where it was to be used. The plaintiffs had reserved the cedar timber on said land and were converting the same into shingle bolts, which they had disposed of to other parties, and they also desired to use such stream of water to transport said shingle bolts to market. It is alleged that the

the defendants obstructed said stream so that the plaintiffs were unable to make use of it to transport their timber, whereby they were damaged. It appears that the defendants had expended a large amount of money in clearing out the bed of said stream, so that it would be available for floating their logs, but that while they were engaged in floating them, the water began to go down and reached such a low stage that it became impossible to float all of said logs down, and a part of them remained for some months in the stream at two different points, and these were the obstructions complained of.

The other causes of action insisted upon were for damages in the sum of $5 for a hay rack, and in the sum of $20 for the alleged conversion of certain cedar logs. The cause was tried to a jury and a verdict and judgment rendered in favor of the defendants, and the plaintiffs have appealed.

Numerous grounds of error are alleged, growing out of the admission and rejection of evidence and the instructions of the court to the jury. It is first contended that the court erred in sustaining an objection to a question asked one of the plaintiffs as to what arrangement he had in relation to getting pay for his shingle bolts. Conceding that this was material testimony, it was properly excluded for the reason that a written contract had already been put in evidence covering this subject, and it was not competent to introduce parol proof to vary it.

The next objection is to another question asked a witness for the plaintiffs concerning the length and size of the shingle bolts. This was immaterial, for it is not disputed that the stream was so obstructed they could not have been floated down regardless of their size.

It is next contended that the court erred in admitting two written instruments in evidence, the first showing what rights the defendant Weatherwax obtained by the purchase of said timber, and the second being a contract between Weatherwax and the other defendants relating to its removal. We think this was competent proof.

No prejudicial error is shown in any of the questions argued by appellant, and for that reason it is unnecessary to consider them in detail. The cause was apparently fairly tried and the jury found against the plaintiffs upon all the issues.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.